**HESS v. MILLER, Alien Property Custodian.**

(District Court, S. D. Florida.   May 27, 1925.)

No. 301.

War ⟨⟩12—Interest of alien enemy legatee to be retained by Alien Property Custodian until disposed of by Congress.

Where, under a will, an alien enemy legatee was to receive during her lifetime the interest on certain investments of testator, seizure of the legatee's interest in the legacy by the Alien Property Custodian vested him with the right to receive such interest payments until their disposition is provided for by Congress.

In Equity.   Suit by Anna Hess against Thomas W. Miller, Alien Property Custodian.   On motion to dismiss bill.   Granted.

Ernest Metcalf, of Jacksonville, Fla., for complainant.

Dean Hill Stanley, Sp. Asst. Atty. Gen., and W. M. Gober, U. S. Dist. Atty., of Tampa, Fla. (A. R. Johnson, Jr., of Washington, D. C., on the brief), for defendant.

CALL, District Judge.   This cause comes on for hearing upon the bill of complaint and motion to dismiss, filed by the defendant.   The facts alleged in the bill, and admitted by the motion to dismiss, may be succinctly stated as follows:

The brother of the complainant died prior to the entry of this country into the World War, leaving a will by which the interest on certain investments, directed to be made by his executors, was to be paid to her during her life.   She was a German citizen then, and is now.   After this country entered the World War, and pursuant to the act of Congress, the Alien Property Custodian seized the interest of the complainant under the will, as that of an alien enemy and has since then continued to receive such interest.   The bill prays that he be enjoined from receiving such interest coming to the complainant in the future.

The decision of the question on the motion to dismiss, not considering for the moment any question of equity jurisdiction of the matter, depends upon whether the Custodian, by his seizure of the interest of the complainant in the estate of her brother, vested in him that interest.   It seems to me that the cases of In re Miller (C. C. A.), 281 F. 764, and Appeal of Schwab et al. (C. C. A.) 288 F. 760, determines this question in his favor, both as to interest on the investment coming due during the continuance of hostilities and since the Act of Congress of July 2, 1921, 42 Stat. 105. Quoting from the last-mentioned case at page 768 as follows: "The important and controlling fact is that, at the time the Custodian made his demands, he thereby seized whatever interest the alien legatees possessed under the will, and that it then became the duty of the executors to turn over to the Custodian whatever money they had in their hands at the time the demand was made, or which came into their hands at any time thereafter, and which they received for the legatees named in the demands which the Custodian served upon them in November, 1918, or in July, 1919."

As I understand it, the Custodian seizes the interest the alien takes under the will, not the particular payments which might have been made under the terms of that instrument, during hostilities, and, this being so, the Custodian is entitled to and must hold that interest until it can be disposed of as provided by Congress and the treaty with Germany.   It is of no moment that Congress has not yet provided a procedure by which a particular case may be disposed of.   That is a legislative function, and must be performed by the Congress.   The hardship that may be entailed upon an individual cannot vest the court with this power.

I am of opinion, therefore, that the motion to dismiss is well taken, and it will be granted.